UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **CRAIG LINDSEY, NEAL RINGERWOLE, and TREY SMITH,**<br><br>v.<br><br>**SCHLUMBERGER TECH. CORP.** | Case No.: _____ |

## SUMMARY

1. Schlumberger Technology Corporation (STC) does not pay its Measurement While Drilling Operators (MWD Operators) overtime as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (FLSA) and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. Plaintiffs Craig Lindsey, Neal Ringerwole, and Trey Smith (Plaintiffs) worked for STC as MWD Operators and were paid a day rate for all days worked.

3. Although Plaintiffs regularly worked 60 (or more) hours a week, they did not receive any overtime pay as required by 29 C.F.R. § 778.112.

4. Thus, this action seeks to recover the unpaid wages and other damages owed to Plaintiffs.

## JURISDICTION AND VENUE

5. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).

7. Plaintiff Neal Ringerwole was employed by STC in this District and Division in Washington County. Plaintiff Craig Lindsey was employed by STC in this District in Erie County.

1

Plaintiff Trey Smith was employed by STC and performed work for STC throughout this District. A substantial portion of the work that is the subject matter of this Complaint was performed in this District and Division.

## PARTIES

8. Plaintiffs are residents of Pennsylvania and Texas who were employed by STC as MWD Operators and were paid according to STC's day rate pay plan.

9. Plaintiffs worked for STC in Pennsylvania, Ohio, Texas, New Mexico, and Oklahoma within the time period beginning June 14, 2015 to the present.

10. STC's gross revenues have exceeded $100 million for each of the past three years.

11. Schlumberger Tech. Corp. is a French Corporation and maintains its United States corporate headquarters in Houston, Texas.

12. STC employs MWD Operators (such as Plaintiffs) who perform measurement while drilling services on oil and gas drilling rigs.

13. STC's financial results are driven in part by the number of MWD Operators performing services for STC's customers and the fees that STC charges the customers for these services.

14. STC charges its MWD Operators' services out to STC's customers on a per project basis, including a daily rate, per diem charges, mileage and other reimbursement items.

15. STC employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by the FLSA.

16. STC's annual gross volume of business exceeds $1,000,000,000.

17. STC is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

18. Defendant Schlumberger Technology Corporation may be served through its registered agent: Capitol Corporate Services, Inc., 206 E 9th St., Suite 1300, Austin, Texas 78701, or wherever they may be found.

#### COVERAGE UNDER THE FLSA

19. STC has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. STC has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. STC has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

22. As will be shown through this litigation, STC treated Plaintiffs as employees.

23. STC's misclassification of Plaintiffs as independent contractors does not alter its status as an employer for purposes of the FLSA.

#### FACTS

24. Plaintiffs were employed as MWD Operators by STC, operating the measurement while drilling tool during the drilling process on an oil and gas well site.

25. STC employed Plaintiffs to perform MWD Operation duties on behalf of its customers.

26. Plaintiffs are blue collar workers who are primarily engaged in manual labor.

3

27. Plaintiffs work as MWD Operators required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes. *See* 29 C.F.R. § 541.203(g).

28. Plaintiffs were paid on a day-rate basis.

29. STC typically scheduled Plaintiffs to work 12-hour shifts, for as many as 7 days a week.

30. Plaintiffs regularly worked well in excess of 40 hours in a workweek.

31. But STC did not pay Plaintiffs overtime.

32. The work Plaintiffs performed was an essential part of producing STC's core products and/or services.

33. During Plaintiffs' employment with STC, STC exercised control (directly or jointly through another company) over all aspects of Plaintiffs' job.

34. Plaintiffs did not make any substantial investment in order to perform the work STC required of them.

35. STC determined Plaintiffs' opportunity for profit and loss.

36. Plaintiffs' earning opportunity was based on the number of days STC scheduled them to work.

37. Plaintiffs were not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform their job duties.

38. Plaintiffs were not employed by STC on a project-by-project basis, but rather on a consistent basis.

39. While Plaintiffs were classified as independent contractors, they were regularly on call for STC and were expected to drop everything and work whenever needed.

40. STC, individually or jointly with a company it contracted with, controlled all the significant or meaningful aspects of the job duties performed by Plaintiffs.

4

41. STC controlled the hours and locations Plaintiffs worked, the tools they used, and the rates of pay they received.

42. Even when Plaintiffs worked away from STC's offices without the presence of a direct STC supervisor, STC still controlled all aspects of Plaintiffs' job activities by enforcing mandatory compliance with STC's and/or its client's policies and procedures.

43. More often than not, Plaintiffs utilized equipment provided by STC to perform their job duties.

44. Plaintiffs did not provide the equipment they worked with on a daily basis.

45. STC made the large capital investments in buildings, machines, equipment, tools, and supplies in the business that Plaintiffs worked in.

46. Plaintiffs did not incur operating expenses like rent, payroll, marketing, and insurance.

47. Plaintiffs were economically dependent on STC during their employment.

48. STC set Plaintiffs' rates of pay, their work schedule, and prohibited them (formally or practically) from working other jobs for other companies while they were working on jobs for STC.

49. Very little skill, training, or initiative, in terms of independent business initiative, was required of Plaintiffs to perform their job duties.

50. Indeed, the daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created or mandated by STC.

51. Virtually every job function performed by Plaintiffs was pre-determined by STC and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

52. Plaintiffs were generally prohibited from varying their job duties outside of the pre-determined parameters.

53. STC did not pay Plaintiffs on a salary basis.

54. STC paid the Plaintiffs on a day-rate basis.

55. STC failed to pay Plaintiffs overtime for hours worked in excess of 40 hours in a single workweek.

56. STC knew, or acted with reckless disregard for whether, Plaintiffs was misclassified as independent contractors.

57. STC classifies other workers who perform substantially similar work, under similar conditions, as employees.

58. STC's policy of failing to pay Plaintiffs overtime violates the FLSA and PMWA because these workers are, for the purposes of the FLSA and PMWA, employees.

59. STC's day-rate system violates the FLSA and PMWA because Plaintiffs and the other day-rate workers classified as independent contractors did not receive any pay for hours worked over 40 hours each week.

60. Because Plaintiffs were misclassified as independent contractors by STC, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

61. Plaintiffs were post-notice opt-ins in a case filed as a collective and class action in the Southern District of Texas, Corpus Christi Division. *Sanchez, et al. v. Schlumberger Technical Corporation*, Civil Action No. 2:17-cv-00102 (S.D. Tex.).

62. Plaintiffs filed their consent to sue in the *Sanchez* matter between November 26, 2018 and February 8, 2019.

63. On January 31, 2020, the *Sanchez* court decertified the Plaintiffs Collective Action and dismissed the claims of opt-in Plaintiffs without prejudice *Sloane, et al. v. Schlumberger Technical Corporation*, Civil Action No. 2:17-cv-00102, ECF No. 199. at p. 15 (S.D. Tex. Jan. 30, 2020).

64. This case followed.

6

**FLSA VIOLATIONS**

65. All previous paragraphs are incorporated as though fully set forth herein.

66. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

67. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

68. STC's day-rate compensation scheme applicable to Plaintiffs failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

69. Plaintiffs are not exempt from the overtime requirements of the FLSA.

70. STC acted knowingly and/or with reckless disregard of the rights of Plaintiffs in failing to compensate Plaintiffs at a rate of one and one-half (1-½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

71. During all relevant times, Plaintiffs were covered employees entitled to the above-described FLSA protections.

**PMWA VIOLATIONS**

72. Plaintiffs bring this claim under the PMWA.

73. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

74. At all relevant times, STC was subject to the requirements of the PMWA.

75. At all relevant times, STC employed Plaintiffs as "employees" within the meaning of the PMWA.

7

76. The PMWA requires employers like STC to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiffs are entitled to overtime pay under the PMWA.

77. STC has and had a policy and practice of misclassifying Plaintiffs as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

78. Plaintiffs seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

79. Plaintiffs also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Noble, as provided by the PMWA.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Schlumberger Tech. Corp. as follows:

a. For an Order finding Schlumberger Tech. Corp. liable to Plaintiffs for unpaid overtime owed under the FLSA and PMWA, as well as liquidated damages in an amount equal to their unpaid compensation and other damages allowed by law;

b. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

c. For an Order granting such other and further relief as may be necessary and appropriate.

8

Respectfully Submitted this 4th day of March, 2020.

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    P.A. Bar No. 308410
    State Bar No. 24014780
    Andrew W. Dunlap
    State Bar No. 24078444
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**